REGAN, Judge.
Plaintiff, Lyman Rosenberger, Sr., instituted this suit against the defendant, Preston Hutchinson, endeavoring to recover the sum of $781.32,[1] representing the balance due for carpentry work, performed in conformity with the provisions of a contract between plaintiff and the defendant, relating to the construction of defendant’s home.
The defendant answered and admitted the existence of the contract, but asserted that no balance was due thereon since it had not been performed in a workmanlike manner and defendant incurred additional expenses in having the job performed properly.
From a judgment in favor of the plaintiff for $781.32, the defendant has appealed.
On December 8, 1958, the litigants entered into a contract which specified that plaintiff would perform all of the carpentry work necessary in the construction of the defendant’s home in 13 Park Island Drive for the sum of $3512. The contract contained the following language:
“Preston Hutchinson has agreed to make payment-.”
Plaintiff, a carpenter for 30 years, stated that he began work on this contract on December 9, 1958, and a short time thereafter, the defendant verbally agreed to a schedule of payments for the plaintiff’s services as the work progressed. He stated that quarterly payments were agreed upon that were to be due when various stages of plaintiff’s work were completed; the first, when the walls had been erected, the second, when the house was closed in, the third, when the sheet rock was installed and the final payment, when the job was completed.
Plaintiff received two of the quarterly payments in the sum of $878 each; however, he asserted, when the third was due, the defendant refused to pay him. He explained that he made demand therefor after the sheet rock had been installed and related that despite the fact that the contract originally provided that plaintiff was to install the sheet rock, the parties modified the agreement later to the effect that defendant would hire another subcontractor to perform the sheet rock work and plaintiff would deduct two cents per square foot from the price initially agreed upon in the contract. The price originally had been computed at the rate of $1.00 per square foot for carpentry work.
Plaintiff asserted that when defendant refused to tender the third installment of $878, he advised the defendant that he would be unable to complete the job because he could not expend additional funds *606 for labor and material without receiving the promised payment.
Both plaintiff and his son, who also performed carpentry work on defendant’s home, stated that the defendant, who was acting as his own general contractor, did not complain about the quality of their work.
To corroborate plaintiff’s testimony concerning the verbal agreement to a schedule of quarterly payments, plaintiff introduced into evidence three checks issued by the defendant. The first, in the amount of $878, had a notation thereon which read: “1st of 4 payts — Work on No. 13 Is. Dr.” [2]; the second, in the sum of $439, contained the notation: “% of second payt.”; and the third, in the sum of $439, carried the notation “last half of second payt.”
Despite this evidence, the defendant insisted that no oral agreement had been entered into between the contracting parties for quarterly payments of $878 during various periods of construction. The defendant also denied plaintiff’s assertion that the parties had agreed to have another subcontractor hang the sheet rock. He asserted that the plaintiff performed this particular phase of the construction in such a faulty manner that he was required to hire other men to remove plaintiff’s work and install the sheet rock a second time.
Although the defendant failed to rebut plaintiff’s testimony that the defendant himself hired a subcontractor to install the sheet rock, he nonetheless attempted to prove that the job was not performed in a workmanlike manner, but this assertion, likewise, was not supported by competent evidence.
The trial court concluded that the plaintiff was the more credible witness in view of the fact that his testimony concerning the verbal agreement to quarterly payments was fully substantiated by the evidence. Since the plaintiff was not required to continue performance once the defendant refused to tender the third installment due for plaintiff’s work, plaintiff then was relieved of his obligation to complete the contract.
Therefore, we are of the opinion that the trial judge properly awarded plaintiff the sum of $781.32, which plaintiff established was due for services performed before the defendant breached the agreement.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. In addition, plaintiff prayed for a judgment in the sum of $10, the expense he incurred in preparing and filing a laborer’s lien against defendant’s premises, which was not included in his award. The plaintiff has not appealed from the judgment omitting this figure; therefore, we are unable to consider it.

. 13 Park Island Drive was the municipal number of the residence of defendant.